UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONNIE BRYANT,

    Plaintiff,

v.                                                      Case No. 3:24cv198-LC-HTC

SHERIFF CHIP SIMMONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a former inmate at the Escambia County Jail, proceeding *pro se*, initiated this action on or about May 7, 2024, by filing (1) a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations stemming from a "slip-and-fall" incident at the Jail; and (2) a motion to proceed *in forma pauperis*. Upon review, the Court found both were deficient[1] and, on May 14, 2024, ordered Plaintiff to, within twenty-one (21) days, correct the deficiencies by filing an amended complaint (or a notice of voluntary dismissal) and an updated motion to proceed *in forma pauperis* (or pay the Court's filing fee). Doc. 4. The May 14 Order expressly warned Plaintiff his failure to comply with it could result in a recommendation for dismissal. *Id.* at 6. Nonetheless, Plaintiff failed to comply with

---

[1] Namely, the Court found Plaintiff's motion to proceed *in forma pauperis* was submitted on the wrong form and was outdated, while the complaint was not signed, named the wrong defendants, and failed to state a claim for relief. *See* Doc. 4.

the May 14 Order, resulting in the Court issuing a show cause order as to why this case should not be dismissed. Doc. 5. Plaintiff also failed to respond to the show cause order.

Based on the foregoing, dismissal of this case is appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 3rd day of July, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv198-LC-HTC